**Douglas Jerome WEBB, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 49914.**

Missouri Court of Appeals,
Western District.

April 18, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

J. Michael Joy, Lee's Summit, for respondent.

Before FENNER, C.J., P.J., and BERREY and ULRICH, JJ.

FENNER, Chief Judge.

The Director of Revenue appeals the circuit court's order reinstating respondent's

driving privileges after they were suspended under the administrative suspension and revocation provisions of sections 302.500–302.541, RSMo 1994.[1] We reverse and remand.

On November 5, 1993, Sergeant DiPalermo of the Lee's Summit Police Department found respondent's car, engine running, on the shoulder of Chipman Road. Sergeant DiPalermo noticed a tire jack behind the damaged left front tire of the car, a spare tire on the ground, three lug nuts off of the left front wheel, and the car's trunk open. As he approached the car, Sergeant DiPalermo saw the respondent sleeping in the front seat. After waking the respondent, Sergeant DiPalermo smelled a strong odor of alcohol emanating from the respondent. Respondent told Sergeant DiPalermo that he had been drinking at Hero's in Lee's Summit, and was trying to get home. Respondent also told Sergeant DiPalermo that he had run his car off the road, hit the curb, and bent the wheel rim, causing a flat tire, which he had attempted to change.

Sergeant DiPalermo contacted Officer Alexander, who administered a field sobriety test on the respondent. Officer Alexander then arrested the respondent and took him to the police station for a breathalyzer test. The breathalyzer test revealed that respondent's blood alcohol content was .16%.

The Director of Revenue suspended respondent's driving privileges pursuant to sections 302.500–302.541. On July 22, 1994, after a trial de novo, the circuit court found in favor of respondent and reinstated his driving privileges. The Director appeals.

■ The judgment of the trial court must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law. *Chinnery v. Director of Revenue*, 885 S.W.2d 50, 51 (Mo. App.1994); *Stoltz v. Director of Revenue*, 816 S.W.2d 711, 713 (Mo.App.1991). The Director has the burden to establish, by a preponderance of the evidence, that the police had probable cause to make the arrest for driving while intoxicated, and that the

respondent had a blood alcohol content of at least .10% at the time of the arrest. Section 302.505; *Chinnery*, 885 S.W.2d at 51. In this case, it was undisputed that respondent's blood alcohol content exceeded .10%. The only issue on appeal is whether the evidence established that the police had probable cause to arrest respondent for driving while intoxicated and whether the trial court erred in finding otherwise. In this regard, the trial court held that respondent's admission to the arresting officer that he had been driving his vehicle was not sufficient of itself to establish probable cause.

On appeal, appellant asserts that the trial court erroneously declared and misapplied the law by not finding respondent's admission that he had been driving sufficient to provide probable cause to believe respondent was driving while intoxicated.

■ While generally the corpus delicti rule prohibits the introduction of uncorroborated extrajudicial statements of an accused to show guilt without independent proof of the corpus delicti, the rule does not apply to administrative driver's license proceedings. *Tuggle v. Director of Revenue*, 727 S.W.2d 168, 169 (Mo.App.1987). "In such a civil action the corpus delicti rule does not prohibit the reception of an extrajudicial statement to prove that police officers had reasonable grounds to believe that a suspect had operated his motor vehicle while intoxicated." *Id.*

■ In the case at bar, respondent's admission to Sergeant DiPalermo that he was driving home after drinking alcohol at Hero's, together with the strong odor of alcohol emanating from respondent, and the presence of respondent alone in a vehicle on the side of the road, was sufficient to provide probable cause to believe respondent was driving while intoxicated. The suspension of respondent's driver's license upon the breathalyzer test's determination that respondent's blood alcohol content was at least .10% was not invalid for lack of probable cause to arrest.

Appellant argues further that the trial court erred in holding that respondent was

---

1. All statutory references are to RSMo 1994.

not in physical control of his car, and therefore not "driving" within the meaning of the statute. The trial court reasoned that respondent was not in physical control of the car since the car was incapable of being moved at the time Sergeant DiPalermo arrived. We do not need to address this issue, as we find that respondent's admission that he was driving was enough to provide the police probable cause to arrest him for driving while intoxicated. The judgment of the trial court is reversed and the cause remanded for reinstatement of the suspension order.

All Concur.