Jimmie D. FRANK, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 51993.

Missouri Court of Appeals,
Western District.

June 25, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Theresa Miller, Sp. Asst. Public Defender, Mo. Dept. of Revenue, Jefferson City, for appellant.

John Hager, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and HANNA and SPINDEN, JJ.

SPINDEN, Judge.

The Director of Revenue appeals the circuit court's order reinstating Jimmie D. Frank's driving privileges after she suspended them pursuant to the administrative suspension and revocation provisions of §§ 302.500–302.541, RSMo 1994. We reverse and remand.

On March 10, 1995, officers arrested Frank for driving while intoxicated. A breath analysis test revealed that his blood alcohol content was .116 percent. The director notified Frank that his driving privileges were suspended pursuant to §§ 302–500–302.541. After she affirmed his suspension following an administrative hearing, Frank filed a petition for a trial *de novo*. The circuit court set aside the suspension order and reinstated Frank's driving privileges.

The director appeals. The director contends that the circuit court erred in setting aside the suspension order because the evidence showed that the arresting officer had probable cause to arrest Frank for driving while intoxicated.

Section 302.535.1, RSMo 1994, governs the circuit court's review of the director's suspension. The statute says:

Any person aggrieved by a decision of the department may file a petition for trial de novo by the circuit court. The burden of proof shall be on the state to adduce the evidence. Such trial shall be conducted pursuant to the Missouri rules of civil procedure and not as an appeal of an administrative decision pursuant to chapter 536, RSMo.

In a license revocation proceeding, the director must establish, by a preponderance of the evidence, that authorities had probable cause to arrest the petitioner for driving while intoxicated and that at the time of the arrest, the petitioner's blood alcohol content was at least .10 percent. *Buckley v. Director of Revenue*, 864 S.W.2d 394, 395 (Mo.App. 1993).

Probable cause exists when an officer is aware of facts which would warrant a person of reasonable caution to believe that an offense has been or is being committed and that the suspect committed it. *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 242 (Mo.App.1992). The courts should judge whether an officer had probable cause to make an arrest in relation to circumstances as they would appear to a prudent, cautious and trained police officer. *Oughton v. Director of Revenue*, 916 S.W.2d 462, 464 (Mo. App.1996).

Sections 302.500–302.540 do not require the director to prove that the officer had probable cause to believe the driver violated an alcohol-related driving offense before stopping the driver's car. *Id.* Probable cause to arrest for driving while intoxicated exists when an officer sees a traffic violation or erratic vehicle operation and, after stopping the vehicle, notices *indicia* of driver intoxication. *Schranz v. Director of Revenue*, 703 S.W.2d 912, 913 (Mo.

App.1986). Missouri courts have upheld administrative suspensions in cases in which the initial stop was for a non-moving traffic violation. *See, e.g., McDaniel v. Director of Revenue,* 875 S.W.2d 245 (Mo.App.1994)(taillight out); *Lauck v. Director of Revenue,* 703 S.W.2d 942 (Mo.App.1986)(invalid license plate). In any event, an "alleged illegality of or lack of probable cause for the stop does not affect the admissibility of observations stemming from that stop in a civil revocation proceeding." *Lambert v. Director of Revenue,* 897 S.W.2d 204, 205 (Mo.App.1995)(quoting *Gordon v. Director of Revenue,* 896 S.W.2d 737, 740 (Mo.App. 1995)).

■ The arresting officer, Highway Patrol Trooper Carl Land, was the only witness. Land said that on March 10, 1995, at approximately 10:50 P.M., he saw a pickup with only one headlight illuminated travelling on Mo. 210. He stopped the pickup and advised its driver, Frank, that his headlight was out. Land smelled the odor of intoxication on Frank's breath and noticed that his pupils were dilated and that his eyes were watery and bloodshot. He saw Frank sway. Frank failed several field sobriety tests. Land arrested Frank for driving while intoxicated and took him to the Clay County detention center for a breath analysis test. The test indicated that Frank's blood alcohol content was .116 percent.

The circuit court admitted into evidence the Department of Revenue's file. The file included an Alcohol Influence Report, a copy of the DWI summons issued to Frank, a copy of the blood alcohol content verifier printout tape, and a copy of the blood alcohol content verifier maintenance report.

Frank did not controvert any of Land's testimony. He did not present any evidence.

In ruling for Frank, the circuit court did not explain the basis for its decision. It merely said, "[T]he Court having heard the evidence and arguments of counsel, and being fully advised upon the law and facts, the Court finds the issue(s) [sic] in favor of [Frank] and against the Director of Revenue."

In defending the circuit court's judgment, Frank contends:

> Considering the time of the test, the observations of the officer as noted on his report, the answers to the questions directed by the officer to [Frank] and the simple fact that the officer did not give a ticket to [Frank] for the alleged failure to have a headlight working clearly demonstrates that the trial court's decision was supported by substantial evidence[.]

The timing of the test has no bearing on this case. That the test occurred almost an hour after the initial stop is of no consequence. Nor is the officer's failure to issue a summons for the headlight. The answers Frank refers to were given during a post-arrest interview during which he also admitted that he had been drinking that evening and when asked whether he was under the influence of an alcoholic beverage, he replied, "I guess so."

The Supreme Court of Missouri faced an identical situation in *Reinert v. Director of Revenue,* 894 S.W.2d 162 (Mo. banc 1995). The arresting officer was the only witness in that case. The petitioner did not controvert any of the officer's testimony. The trial court's ruling was as terse and unexplanatory as the circuit court's ruling in the case before us. The petitioner in that case argued that an appellate court must affirm the trial court's ruling—even if it is contrary to the only evidence in the record—because the appellate court must assume that all fact issues upon which no specific findings were made were found in accordance with the result reached. The Supreme Court rejected the argument:

> [The petitioner's] argument must fail. The arresting officer was unequivocal in identifying [the petitioner] as the driver. The officer testified that [the petitioner] drove erratically, smelled of alcohol, and failed three field sobriety tests. [The petitioner] introduced no evidence. Because the record does not support findings that [the petitioner] was not the driver or that the officer lacked probable cause for the

arrest, the judgment cannot be affirmed on this basis.

*Id.* at 164.

Moreover, this court's Eastern District reached the same conclusion in a case in which the arresting officer's testimony was not contradicted in *Thurman v. Director of Revenue, State of Missouri,* 745 S.W.2d 260 (Mo.App.1988). As in the case at bar, the arresting officer was the only witness at the trial. The trial court reinstated the petitioner's driving privileges without explanation. The court reversed, saying, "Without findings of fact we cannot determine on the record before us whether the trial court's action was supported by substantial evidence." *Id.* at 262.

The same is true of Frank's case. The circuit court's ruling was against the overwhelming weight of the evidence, and, without findings of fact, we cannot determine whether the circuit court's action was supported by substantial evidence. We, therefore, reverse the circuit court's judgment and remand the cause to it for further proceedings consistent with this opinion.

LOWENSTEIN, P.J., and HANNA, J., concur.