**Billy J. HELTON, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 52454.**

Missouri Court of Appeals,
Western District.

Submitted Nov. 15, 1996.

Decided April 29, 1997.

Jeremiah W. (Jay) Nixon, Attorney General, Charles L. Gooch, Special Asst. Attorney General, Jefferson City, for appellant.

William H. Norton, Jr., Kansas City, for respondent.

Before SMART, P.J., and SPINDEN and ELLIS, JJ.

SMART, Judge.

This appeal involves the issue of whether police records introduced pursuant to § 490.680, RSMo 1994, must be regarded as creating a *prima facie* case of excessive blood alcohol content in a de novo hearing in a license suspension or revocation case under § 302.535, RSMo 1996 Supp.

Billy Helton's driving privileges were suspended on August 26, 1995, for driving with an excessive blood alcohol content level pursuant to § 302.505, RSMo.1994. Helton filed a petition for trial de novo in the trial court. At trial, the Director offered a copy of Helton's arrest file as a business record in accordance with § 490.680, RSMo 1994, and § 490.692, RSMo 1994. The Director presented no live testimony. The trial court ruled that the Director had failed to make a *prima facie* case, and set aside the suspension of Helton's driving privileges. Because we hold that the Director did make a *prima facie* case through the arrest records and breath test records, we hold that the trial court's judgment is not supported by the evidence and is against the weight of the evidence. The judgment is reversed and the case is remanded for a new trial.

### The Trial

The following is the entire transcript of the hearing in this case:

THE COURT: CV195–6650, Billy Jack Helton versus Director of Revenue. Show that Petitioner appears by attorney Bill Norton, Jr., and Respondent by attorney Leonard Smith.

Are both sides ready to proceed?

MR. NORTON: Yes, we are.

MR. SMITH: No, Your Honor. Respondent is not ready and would request a continuance. Trooper Davis is on vacation. Trooper I think it's Kumme (ph) is here, but he just was with Trooper Davis. He did not actually make the arrest or get the test.

THE COURT: Okay. This matter has already been continued before, so the Court will have to deny any further continuances. This is a civil matter, and which the Court does have to move these matters. So—

MR. SMITH: Judge, on that basis I would offer a copy of the Department of Revenue's file under Business Records that I sent to Mr. Norton, marked as Defendant's or Respondent's Exhibit # 1. It contains the Alcohol Influence Report and the attached reports made by the officer, the testing made by the arresting officer.

MR. NORTON: Judge, I'm not even going to object to the admission of the reports as encompassed in that Respondent's Exhibit 1. I am going to object to the weight of the evidence contained—I am going to object to the weight of the evidence contained in that report. All of that information would be hearsay without the officer here.

THE COURT: Okay.

MR. SMITH: Judge, the only other thing I would add is I would ask the Court to take judicial notice of the Code of State Regulations, 19 CRS 20–30.

THE COURT: Okay. The Court will show that the evidence is submitted, and in follow up to Mr. Norton's remarks, the Court will show that all issues are not found in the affirmative. Petition sustained all as per entry filed.

### Standard of Review

■ On appeal, the Director argues that the trial court erred in setting aside the suspension because the suspension was proper, in that the uncontroverted evidence showed there was probable cause to arrest Helton for driving while intoxicated and that his blood alcohol concentration ("BAC") exceeded 0.10 percent. Review of this court-tried case is governed by the principles announced in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), which provide that the trial court's judgment will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law.

■ In order for the Director of Revenue to suspend or revoke a driving privilege for an alcohol-related offense, the Director must show: (1) that probable cause existed to arrest the driver for driving in violation of an alcohol-related offense; and (2) that the driver was driving with a BAC equalling or exceeding the statutory limit. *Collins v. Director of Revenue*, 691 S.W.2d 246, 252 (Mo. banc 1985).

### Business Records

The Director of Revenue, forced to trial without the officer who made the arrest and conducted the breath test, elected to offer in evidence the officer's reports, the alcohol influence report, and the breath test records. These records were offered pursuant to § 490.680, RSMo.1994, which allows records prepared in "the regular course of business" to be admitted in evidence under certain conditions if the custodian or other qualified witness provides the proper testimonial foundation:

A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

■ In this case, the Director did not present a custodian of the records or another witness to identify the records and testify as

to the mode of preparation and other qualifying characteristics. Instead, the Director relied upon the filing of an affidavit of a custodian of the records prepared in accordance with § 490.692, RSMo 1994, which provides:

1. Any records or copies of records reproduced in the ordinary course of business by any photographic, photostatic, microfilm, micro-card, miniature photographic, optical disk imaging, or other process which accurately reproduces or forms a durable medium for so reproducing the original that would be admissible under sections 490.660 to 490.690 **shall be admissible as a business record, subject to other substantive or procedural objections, in any court in this state upon the affidavit of the person who would otherwise provide the prerequisites of sections 490.660 to 490.690,** that the records attached to the affidavit were kept as required by section 490.680.

2. No party shall be permitted to offer such business records into evidence pursuant to this section unless all other parties to the action have been served with copies of such records and such affidavit at least seven days prior to the day upon which trial of the cause commences.

(Emphasis added). This section allows the foundation to be laid by affidavit. "This provides a practical way to avoid the necessity of a personal appearance by a records custodian. Upon compliance with §§ 490.680 and 490.692, business records may be admitted into evidence without any additional direct testimony." *Tebow v. Director of Revenue,* 921 S.W.2d 110, 113 (Mo. App.1996) (citations omitted). The business record exception to the hearsay rule allows the introduction into evidence of records qualified as business records without the personal appearance of those who prepared the records. Section 490.692, RSMo 1994 allows the records custodian, as well as the person who prepared the reports in the first place, to avoid a personal appearance. It does not guarantee that statements made out of court by third parties to the person who prepared the report have evidentiary value as competent evidence, when properly objected to. For instance, if the person preparing the report includes in the report a statement made by *a third party witness,* that statement is not to be considered as substantive evidence of the truth of the statement, if proper objection is made. *See Nash v. Sauerberger,* 629 S.W.2d 491, 492 (Mo.App.1981). Similarly, if an opinion which would be inadmissible in court is included in the report, it likewise is subject to exclusion upon proper objection.

### Waiver of Objection

In this case, the Director presented an affidavit from the records custodian of the Missouri Department of Revenue, Driver's License Bureau, which purported to comply with the requirements set forth in § 490.692, RSMo 1994. Helton's failure to object to the admission of the records removes any issue related to the adequacy of the affidavit and as to whether a proper foundation was laid. Helton also made no contention that the inability to cross-examine the records denied him due process of law. He also did not argue that the police records do not qualify as "business records" which may be admitted in a proceeding against an individual when they are records of a focused criminal investigation directed at that person. Helton simply argued that the records were hearsay, an objection which fails to recognize that § 490.680 amounts to an exception to the hearsay rule. Or perhaps Helton was arguing that the records were not entitled to great weight. If he was, he may have expected to testify in his own behalf, but found it was unnecessary to do so when the trial court summarily ruled against the Director. In *Tebow,* this court found that, where the Director had laid a proper foundation to admit police records as business records by means of an affidavit of the records custodian regarding the records, and no evidence was offered to contradict the Director's records, a *prima facie* case was shown by the Director:

While caution should be exercised when a suspension case is submitted on the records alone, it is not prohibited. Because the director laid a proper foundation for admission of the Department's business records which were not contradicted, those documents constituted sufficient evidence to uphold the director's suspension of Te-

bow's driver's license. Although submission of a case on the records alone may pose some risks—including the inability to explain discrepancies or to rehabilitate "witnesses"—this was not a problem in this case. Tebow presented no evidence and the record does not indicate any discrepancies in the director's evidence.

*Id.* at 113 (citations omitted). Although it may seem illogical that police reports of a focused criminal investigation may qualify as "business records," the records have been regarded as admissible under § 490.680.[1] When relevant, the reports may be offered to prove the truth of the statements made in the report by the officer recording the information. *Id.* In view of the fact that there was no evidence to dispute or contradict the records in any way, we must examine the records in this case to determine whether they created a *prima facie* case.

### Prima Facie Case

The arrest records included a printout of breath test results, the alcohol influence report, the arresting officer's investigation report, and the testing equipment maintenance report. The records showed that on August 26, 1995, Trooper Davis observed Helton's vehicle traveling north on Interstate 35, moving erratically. Trooper Davis observed the vehicle cross the center line four times and the shoulder line twice. After stopping the vehicle, the officer smelled a strong odor of intoxicants on Helton's breath and also noted that Helton's speech was slurred, his eyes were glassy, his pupils were dilated, his balance and ability to turn was unsteady and that he staggered when he walked. Trooper Davis administered several field sobriety tests to Helton. On the report, the officer noted that Helton performed poorly on all the field sobriety tests. The reports showed that, after being placed under arrest, Helton

consented to a breath analysis test, which indicated a BAC of 0.32 percent.

█ It is true that the fact finder, where there is a conflict in the evidence, is entitled to believe all, none, or any part of the testimony, including testimonial records. *In re Marriage of Scobee,* 667 S.W.2d 467, 468 (Mo.App.1984). However, this doctrine is not absolute. The judgment in a court-tried civil case may be reversed when there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy,* 536 S.W.2d at 32; *Hatfield v. Director of Revenue,* 907 S.W.2d 207, 208 (Mo. App.1995) (judgment reversed as against weight of evidence where appellate court has "firm belief" that it is against the weight of the evidence and is wrong).

█ Although this court in *Tebow* noted that "caution should be exercised when a case is submitted on the records alone," submission on records alone under § 490.680 and § 490.692 has been permitted. 921 S.W.2d at 113. In § 490.680, the legislature has declared that records qualifying under the statute shall be "competent evidence." When records are admitted under § 490.680, such records may create a *prima facie* case. Of course, there will be instances in which the court is justified in finding that the records do not establish a *prima facie* case. *See Hadlock v. Director of Revenue,* 860 S.W.2d 335, 338 (Mo. banc 1993) (records had a number of unexplained inconsistencies).

█ Based on the fact that the records in this case were admitted without objection, and that the content of the records establish a *prima facie* case that the officer had probable cause to arrest Helton for a violation of an alcohol-related offense, and that Helton's BAC exceeded the statutory limit, we hold that the trial court's judgment is not sup-

---

1. In criminal cases, the admissibility has generally been limited to laboratory reports of experts. *See State v. Taylor,* 486 S.W.2d 239 (Mo.1972) (trial court did not abuse discretion in burglary case in admitting as a business record a police laboratory report concerning the defendant's clothing). Similar authorities are *State v. Rhone,* 555 S.W.2d 839 (Mo. en banc 1977) and *State v. Hamilton,* 612 S.W.2d 141 (Mo.App.1980).

Some authorities are concerned that such reports should not be admitted unless the maker of the report is present in court and subject to cross-examination. See McCormick on Evidence § 297 (4th ed.1992); Fed.R.Evid. 803(8)(B), Federal Rules of Evidence (excluding, in criminal cases, matters observed by police officers and other law enforcement personnel).

ported by the evidence and is against the weight of the evidence.

The judgment is reversed. Since Helton had no opportunity to present evidence in the hearing below, the case is remanded for a new trial.

SPINDEN and ELLIS, JJ., concur.