Samuel Douglas WHITE, Respondent.

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. WD 52957.

Missouri Court of Appeals,
Western District.

June 10, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Charles Gooch, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Appellant.

Timothy R. Cisar, Lake Ozark, for Respondent.

Before LOWENSTEIN, P.J., and SPINDEN and HOWARD, JJ.

LOWENSTEIN, Presiding Judge.

The Director of Revenue ("the director") appeals the circuit court's order setting aside the suspension of respondent, Samuel White's, driving privileges pursuant to Secs. 302.500—302.541, RSMo 1994.[1] The director notified White of the suspension of his driving privileges under Secs. 302.500—302.541 and affirmed the suspension after an administrative hearing. White filed a petition for a trial de novo. The circuit court set aside the suspension and reinstated White's driving privileges. Reversed and remanded.

A Missouri State Highway Patrol trooper testified that on July 23, 1996, at about 1:30 AM, while patrolling Business Route 54 in Osage Beach, he observed White's vehicle leave his lane of traffic on the two-lane road, drive onto the right shoulder, and pass another vehicle which was stopped to make a left turn. Based on these observations, the trooper stopped the vehicle.

At this point in the trooper's testimony, White's counsel objected to any additional testimony on the matter asserting the trooper lacked probable cause to stop the vehicle and, therefore, further testimony lacked foundation. The objection was sustained, and the director made an offer of proof on

---

1. All statutory references are to RSMo 1994, unless otherwise noted.

the matter. The court took judicial notice of documents on file regarding White's arrest and alcohol influence testing, including a BAC test printout showing respondent's blood alcohol level of .14% by weight. As a result of the court's ruling, White presented no evidence. The court entered judgment in favor of White finding that the arresting officer lacked probable cause to stop White's vehicle.

In her sole point on appeal, the Director contends the trial court erred in setting aside the suspension of White's driving privileges because the evidence established there was probable cause to arrest White for driving while intoxicated and his blood alcohol content exceeded the legal limit: .10%. Sec. 302.505.1. The Director argues she did not have the burden of proving probable cause or reasonable suspicion to *stop* the vehicle, only that there was probable cause to *arrest* Mr. White. In addition, the Director asserts that the exclusionary rule does not apply to civil revocation or suspension proceedings. In the alternative, the Director contends that, even if probable cause to stop were required, the trooper had sufficient cause to believe White had violated Sec. 304.016, RSMo (Supp.1997), by driving onto the shoulder in order to pass another vehicle on the right.

The standard of review this court must apply dictates the trial court's judgment in a driver's license suspension case must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law. *Webb v. Director of Revenue,* 896 S.W.2d 517 (Mo.App. 1995)

In a license revocation or suspension proceeding "the director must establish by a preponderance of the evidence, that the authorities had probable cause to arrest the petitioner for driving while intoxicated and that at the time of the arrest, the petitioner's blood alcohol content was at least .10 percent." *Frank v. Director of Revenue,* 925 S.W.2d 477, 478 (Mo.App.1996). Probable cause exists when an officer is aware of facts which would warrant a person of reasonable caution to believe that an offense has been or is being committed and that the suspect com-

mitted it. *Frank,* at 478; *Wilcox v. Director of Revenue,* 842 S.W.2d 240, 242 (Mo.App. 1992). Probable cause to arrest for driving while intoxicated exists when an officer observes a traffic violation or erratic vehicle operation and, after stopping the vehicle, notices indicia of driver intoxication. *Frank,* at 478 (citing *Schranz v. Director of Revenue,* 703 S.W.2d 912, 913 (Mo.App.1986)).

Neither the United States nor the Missouri Constitutions nor the revocation and suspension statutes, sections 302.500–302.540, require the Director of Revenue to show probable cause for a *stop* in order to institute a revocation or suspension. *Gordon v. Director of Revenue,* 896 S.W.2d 737 (Mo. App.1995). "The alleged illegality of or lack of probable cause for the stop does not affect the admissibility of observations stemming from that stop in a civil revocation proceeding." *Id.* at 740.

In *Barish v. State,* 872 S.W.2d 167, 172 (Mo.App.1994), the appellant's driver's license was suspended for driving while intoxicated. This court declined to decide a first impression question of whether a state university police officer has the authority to make an arrest of a driver for intoxication on a state highway. Rather, this court stated that the illegality of an underlying arrest does not impair the admissibility of evidence relating to the arrest in civil proceedings to suspend or revoke a driver's license. *Barish,* at 172. The court further stated, "[t]he rule requiring exclusion of evidence obtained in an illegal or unethical manner is inapplicable to civil proceedings." *Id.* Accordingly, this court holds that the officer's observations during his stop and encounter with Mr. White are admissible in evidence and the exclusionary rule does not apply.

As this cause will be remanded, the court briefly addresses the Director's alternative argument that the officer had sufficient probable cause to stop White's vehicle for violating Sec. 304.016, RSMo (Supp.1997), titled "Passing regulations—driving on left side—violation, penalty," by passing on the right. There is some indication in the record that the trial court believed the officer's deci-

sion to stop White was based solely on that statute. The trial court then found the stop improper because the Sec. 304.016.2 allows passing on the right where the vehicle ahead is making a left turn, as was the case here.

Section 304.016.2 allows the driver of a motor vehicle to overtake and pass to the right of another vehicle only under certain conditions—including when the vehicle overtaken is making or about to make a left turn. Section 304.016.2(4) also states that, "[i]n no event shall such movement be made by driving off the paved or main traveled portion of the roadway." The uncontroverted facts indicate White left his lane of traffic and drove onto the fully-paved right shoulder in order to pass the vehicle ahead of him as it made a left turn. It appears to this court that the officer would have had probable cause to stop White as he left the main traveled portion of the roadway in violation of Sec. 304.016.

The trial court erroneously declared and applied the law by excluding the officer's testimony based on the finding that the officer lacked probable cause to stop White's vehicle. The cause is reversed and remanded for further proceedings consistent with this opinion.

All concur.