Douglas E. BARRETT, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. WD 54463.

Missouri Court of Appeals, Western District.

Feb. 24, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Julia N. Hosmer, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Douglas Eugene Barrett, pro se.

Before ELLIS, P.J., and HOWARD and RIEDERER, JJ.

RIEDERER, Judge.

The Director of Revenue appeals the circuit court's order reinstating Respondent's driving privileges for driving while intoxicated. We reverse.

### Facts

The evidence at trial was as follows. On July 29, 1996, Officer Glen Fredrickson ("officer") of the Raytown Police Department was dispatched to an accident scene, where he observed a red truck resting on its roof in a yard. Respondent was found sitting beside the truck, bleeding. The officer asked Respondent if he was "okay" and Respondent said he was except for being drunk. Respondent was transported to Research Hospital. Based on the officer's observations of Respondent at the accident scene and at the hospital, the officer arrested Respondent for driving while intoxicated. The officer then read to Respondent Missouri's implied consent law. Section 577.020.[1] Respondent consented to a blood test to determine his blood alcohol content. Ed Brannan, a field supervisor for Accu Screen, Inc., testified that he drew two blood samples from Respondent. Accu Screen, Inc., has a contract with Health Midwest to pick up forensic collections. The officer observed the samples being taken. After the officer asked Mr. Brannan to draw the blood, he (1) opened a white canister which contained the blood drawing equipment and emptied its contents; (2) explained to both the officer and Respondent he was going to use a non-alcoholic antiseptic wipe, and proceeded to swab Respondents arm; (3) showed both the officer and Respondent he was going to use a brand new sterile needle, with the seal unbroken; (4) drew blood from Respondents right arm; (5) sealed the tube of blood with tamper evident tape; (6) Respondent signed the tube of blood; and (7) Mr. Brannan initialed and dated the tube.

Mr. Brannan then repeated this procedure for the second vial of blood. Then Mr. Brannan: (1) took the two tubes and put them in a white canister; (2) sealed the white cannister; and (3) gave the cannister to the officer. The officer then took both vials to the Raytown Police Department and put them in the refrigerator in the booking room. He then made a notation for the blood to be taken to the lab for testing.

Malcolm McIntyre, the toxicology supervisor at Children's Mercy Hospital, analyzed Respondent's blood on August 6, 1996. Respondent's blood alcohol content was .206%. The sample was tested nine days after it was taken. Mr. McIntyre testified that if a blood sample were left to decompose, a bacterial or an enzyme activity may occur which will increase the alcohol level or the ethanol level of the blood sample, and that to a minor degree the longer the blood sample goes, the higher the alcohol level. However, this blood sample was considered to be in good condition.

Respondent testified that he recalled a tall, heavyset blonde-haired woman in a white uniform, whom he believed to be a nurse, drew the blood from his left arm when he was at Research Hospital. Respondent testified that he never saw Mr. Brannan at the hospital the night the blood sample was taken. Respondent does admit to drinking that evening, but does not recall how much.

### Procedural Background

Respondent was served with a notice of suspension of his driving privileges. Respondent timely filed a Request for Administrative Hearing to appeal the suspension. After the Administrative Hearing on September 11, 1996, Respondent received notice that the Department of Revenue's prior notice of suspension was sustained. Respondent timely filed a request for trial de novo, and the circuit court found in favor of Respondent. The Director appeals.

### Standard of Review

■ A trial court's judgment in a driver's license suspension case must be affirmed on

---

1. All statutory references are from RSMo 1994, unless otherwise indicated.

review, unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law. *White v. Director of Revenue*, 946 S.W.2d 277, 279 (Mo.App.1997) (*citing Webb v. Director of Revenue*, 896 S.W.2d 517 (Mo.App.1995)).

## I.

Appellant contends that the trial court erred in finding that Appellant failed to meet its burden of proof as to whether Respondent was arrested on probable cause to believe that he was driving while intoxicated and that his blood alcohol was above .10%. We agree.

### A. Discussion

 In a license revocation or suspension proceeding the director must establish by a preponderance of the evidence; (1) that the authorities had probable cause to arrest the petitioner for driving while intoxicated and; (2) that at the time of the arrest, the petitioner's blood alcohol content was at least .10 percent. *White*, 946 S.W.2d at 279 (*citing Frank v. Director of Revenue*, 925 S.W.2d 477, 478 (Mo.App.1996)); *See* § 302.505.[2] When the director makes a *prima facie* case, the burden shifts to the driver to establish that his BAC was not at least .10 percent when he was driving. *Id.*

At the trial de novo, the evidence disclosed that Respondent had been drinking alcohol; he had wrecked his truck; and he told the arresting officer at the accident scene that he was drunk. Admitted without objection was Appellant's file containing the alcohol influence report, the chemist's report and the request for chemical sample signed by the lab technician, Brannan. Admitted without objection was the blood sample taken from the Respondent at the hospital shortly after the accident. Respondent's blood alcohol content was found to have been .206%. Respondent testified that although he had been drinking, he did not know how much and that he had been driving. Respondent also testi-

fied that the blood sample was taken by a blonde woman, not the male lab technician who testified that he had taken the blood. However, the technician's signature was in evidence on the request for chemical sample and on the actual vial of blood.

Any foundational issues regarding the admission of the blood test results were waived by Respondent's failure to object at trial. *Todd v. Lohman*, 911 S.W.2d 321, 324 (Mo.App.1995). Appellant met its burden of proof by presenting evidence that supported both elements of Appellant's case under § 302.505.1 This evidence was uncontested and unrebutted by Respondent, who failed to adduce any evidence at all that his blood alcohol content was below .10%. The trial court's ruling was against the weight of the evidence. *White*, 946 S.W.2d 277. Reversed. Judgment entered for Appellant. Rule 84.14.

All concur.

**2.** The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was ten-hundredths of one percent or more by weight of alcohol in his blood ...