**STATE of Missouri, Respondent,**

v.

**Raymond CALHOON, Appellant.**

**No. WD 56153.**

Missouri Court of Appeals, Western District.

Oct. 19, 1999.

Richard McFadin, Gallatin, for appellant.

Julia Roselle, Gallatin, for respondent.

PAUL M. SPINDEN, Judge.

Raymond Calhoon appeals the circuit court's judgment convicting him of driving while his driving license was revoked. He argues that the circuit court's judgment was based in part on his driving record, which he contends was inadmissible without proper notice. He argues that, without the driving record, the evidence was not sufficient to support the conviction. We affirm the circuit court's judgment.

On December 28, 1997, Highway Patrol Trooper Dominick Walker stopped Calhoon's car after recognizing it as Calhoon's and remembering that Calhoon's driving license was revoked. Walker had arrested Calhoon for driving while his license was revoked about five months earlier.

At trial, Calhoon objected to the circuit court's admitting into evidence his driving record, which showed that he did not have a driving license when Walker stopped his car. Calhoon contends that the state did not establish a proper foundation for the record because he did not receive at least seven days' notice before trial that the state planned to submit his driving record as evidence. Calhoon cites § 490.692, RSMo 1994, to support his argument that seven days' notice was required.

Section 490.692 allows the admission of certified copies of business records if all parties are served with the records and a certifying affidavit at least seven days before trial. The business records exception to the hearsay rule permits the introduction of qualified records without forcing the person who prepared the records to appear in court. *Helton v. Director of Revenue, State of Missouri*, 944 S.W.2d 306, 309 (Mo.App.1997). Section 490.692 allows the records custodian, and the person who originally prepared the reports, to avoid a personal appearance. *Id.* Calhoon is correct to assert that the state used the business records exception to the hearsay rule to submit his driving record, but he ignores a statute that clearly establishes the record's admissibility.

Section 302.312.1, RSMo Supp. 1998, provides:

> Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings.

This section authorizes the evidentiary use of Department of Revenue records without limitation, including in criminal proceedings. *State v. Thomas*, 969 S.W.2d 354, 356 (Mo.App.1998). Unlike the general business records exception statute,

§ 302.312 does not impose a service requirement on the admissibility of exhibits. *Dugan v. Director of Revenue, State of Missouri*, 979 S.W.2d 563, 564 (Mo.App. 1998); *State v. Anders*, 975 S.W.2d 462, 465 (Mo.App.1998); *Coleman v. Director of Revenue*, 970 S.W.2d 394, 396 (Mo.App. 1998). Copies of documents from the Department of Revenue are admissible as evidence if the copies are properly certified. *Mills v. Director of Revenue State of Missouri*, 964 S.W.2d 873, 875 (Mo.App. 1998).

Calhoon does not contest that his driving record was a Department of Revenue document or that it was properly certified by affidavit. The circuit court, therefore, properly admitted the driving record to prove that Calhoon's driving license was revoked when Walker stopped his car. The evidence was sufficient to support the circuit court's judgment convicting Walker of driving while his license was revoked. We affirm the circuit court's judgment.

PATRICIA BRECKENRIDGE, Presiding Judge, and JOSEPH M. ELLIS, Judge, concur.