**Shawn D. FRANCIS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 79655.**

Missouri Court of Appeals, Eastern District, Division Three.

July 16, 2002.

Application for Transfer Denied Oct. 22, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Brett W. Berri, Attorney General's Office, Jefferson City, for Appellant.

Carl M. Ward, Clayton, Susan E. Clarke, Chesterfield, for Respondent.

JAMES R. DOWD, P.J.

Shawn D. Francis was arrested for driving while intoxicated and given a blood test. The test results revealed his blood alcohol content (BAC) to be .143 percent, well over the legal limit of .10 percent.[1] The Director of Revenue revoked his license for one year, as required by § 302.505 RSMo (2000)[2] and Francis filed a petition for trial de novo in the circuit court. At the original hearing before commissioner McCartney the Director relied solely on the Department of Revenue's business records. Francis offered no evidence, but objected to that portion of the business records containing a statement signed by the blood drawer on the ground that it was inadmissible hearsay. That statement reads as follows:

In accordance with the provisions of section 577.029 RSMo, at the place of my

---

1. Section 302.505(1) has subsequently been modified and the legal limit is now .08 percent.

2. All subsequent statutory references are to RSMo 2000.

employment and at the request and direction of a law enforcement officer, I withdrew blood from Shawn D. Francis for the purpose of determining the alcohol content of the blood, using good faith medical judgment, and in strict accord with my training and accepted medical practices that such procedure did not endanger the life or health of the person. A nonalcoholic antiseptic was used for cleansing the skin prior to venapuncture. The sample was labelled (sic.) with subject's identification and given to the requesting law enforcement officer. The blood was withdrawn into a clean and dry sterile vessel by means of a previously unused and sterile needle and was sealed with an air-tight, inart (sic.) stopper.

Craig T. Mueller signed this statement, checked the box labeled "Trained Medical Technician" and circled "Phlebotomist" under the check mark.

The Commissioner took the matter under consideration and then upheld the revocation of Francis's license. Francis requested and was granted a rehearing before a Circuit Judge. After rehearing, the court set aside the revocation of Francis's driving privileges because "there was insufficient evidence presented to find Petitioner had a blood alcohol concentration of .10% or more by weight." The Director appeals. We reverse.

■ At the outset, we note that Francis argues that this appeal should be dismissed because the trial court failed to record its proceedings on rehearing. We disagree. As is made clear in *Kinder v. Director of Revenue*, 895 S.W.2d 627, 629 (Mo.App. E.D.1995): "If neither party presents additional evidence, the administrative record represents the only evidence upon which the circuit court's decision can be based, and the only evidence reviewed on appeal." Other cases have recognized

the legitimacy of this principle. *See Henzlik v. Director of Revenue*, 951 S.W.2d 760, 762 (Mo.App. S.D.1997) ("We recognize, of course, that had the trial court received no evidence and based its decision solely on documents in the legal file, the absence of a transcript would not require reversal.").

There is no indication from the record on appeal that Francis at any point attempted to introduce evidence. At the original hearing Francis argued only that the Director's records failed to establish that the blood drawer was qualified to draw blood. In his motion for reconsideration he raised only legal questions regarding the sufficiency of the Director's records. In relevant part, Francis's motion for reconsideration says:

The specific grounds upon which the reconsideration is requested are as follows:

1. That Petitioner was not afforded the opportunity to cross-examine the Director of Revenue witness, Craig T. Mueller, the alleged phlebotomist that drew Petitioner's blood on July 21, 2000.

2. That at the Trial DeNovo, (sic.) Counsel for Petitioner objected on the record to the introduction of the Director of Revenue's blood test results on the basis of hearsay, self-serving and that the person signing the Form 2389 was not present to testify and be cross-examined by Petitioner.

3. That Counsel for Petitioner also offered into evidence the Missouri Court of Appeals Eastern District case *Nesbitt v. Director of Revenue*, ... that clearly states that the Director of Revenue failed to meet its burden that the hospital employee was qualified to draw blood when the person drawing blood failed to appear, and as a result there was no substantial evidence in support of

the Court's judgment in admitting the blood alcohol content test results.

The Director maintains, and Francis does not deny, that no evidence was presented at the rehearing. It is clear from the record on appeal that the decisions of both the commissioner and the trial court were based only on the Director's records. Neither in his motion for reconsideration nor in this appeal has Francis maintained that there is testimony or other evidence that the commissioner or court should have considered. Here, as in *Kinder*, this court is free to review "the only evidence upon which the circuit court's decision can be based...." *Kinder*, 895 S.W.2d at 629. Accordingly, we decline the invitation to dismiss this appeal.

The Director maintains that the trial court erred in overturning her revocation of Francis's driver's license because the Department of Revenue's records were sufficient to sustain the Director's actions and Francis failed to bring forth evidence or law to challenge those records. We agree.

■ The judgment in a court-tried case must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence in the light most favorable to the judgment and give respondent all reasonable inferences therefrom. *Hansen v. Director of Revenue*, 22 S.W.3d 770, 772 (Mo.App. E.D. 2000). We defer to the trial judge's determination regarding the credibility of witnesses, but in cases submitted solely upon a written record, no such deference is warranted. *Director of Revenue v. Christman*, 968 S.W.2d 737, 739 (Mo.App. E.D. 1998).

■ In a license revocation or suspension proceeding the Director must establish by a preponderance of the evidence that: (1) the police had probable cause to arrest petitioner for driving while intoxicated, and (2) at the time of arrest the driver's blood alcohol content was at least .10 percent. *White v. Director of Revenue*, 946 S.W.2d 277, 279 (Mo.App. W.D.1997). "When the Director makes a prima facie case, the burden then shifts to the driver to rebut the prima facie case by a preponderance of the evidence." *Guccione v. Director of Revenue*, 988 S.W.2d 649, 652 (Mo.App. E.D.1999).

■ The Director came forward with uncontroverted evidence that Francis was arrested upon probable cause for driving while intoxicated. According to the police report, Francis used the left turn lane of Highway 100 to pass several vehicles at 60 miles an hour in a 40 miles per hour zone. He ignored the emergency lights of the marked police vehicle, recklessly changing lanes several times. When he finally pulled over into a parking lot, he drove over a parking barrier and a curb before coming to a stop. He smelled of liquor, his speech was slurred, and he failed several field sobriety tests. Francis raises no challenge to whether there was probable cause for the arrest.

■ In order to prove the driver's blood alcohol content, the Director must prove that the blood test was administered in accordance with § 577.029, which in pertinent part says:

A licensed physician, registered nurse, or trained medical technician at the place of his employment, acting at the request or direction of the law enforcement officer, shall withdraw blood for the purpose of determining the alcohol content of the blood, unless such medical personnel, in his good faith medical judgment, believes such procedure would endanger the life or health of the person in custody.... In withdrawing the blood for the purpose of determining

the alcohol content thereof, only a previously unused and sterile needle and sterile vessel shall be utilized and the withdrawal shall otherwise be in strict accord with accepted medical practices. A non-alcoholic antiseptic shall be used for cleansing the skin prior to venapuncture.

Here, the records submitted to the circuit court show that in strict compliance with § 577.029, Craig Mueller, a "trained medical technician," used a nonalcoholic antiseptic for cleansing the driver's skin prior to venapuncture; that the driver's blood was withdrawn into a clean and dry sterile vessel by means of a previously unused and sterile needle and was sealed with "an air-tight, inart (sic.) stopper," labeled with Francis's name and given to the requesting law enforcement officer. Section 302.312(1) allows the records of the Department of Revenue to be admitted as evidence. It provides:

> Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings.

Here, the Director offered records from the Department of Revenue to the trial court in the form of Exhibit A. Exhibit A clearly reveals that the records were certified by the custodian of records for the Department of Revenue. This certification included the following language: "It is further certified pursuant to Section 302.312 RSMo., that the records attached hereto are exact duplicates of the original records lawfully filed or deposited with the Department of Revenue by the reporting agency or entity pursuant to the provisions of Chapters 302, 303 and/or 577 RSMo."

Therefore, Exhibit A was properly certified and admissible. *Hackmann v. Director of Revenue*, 991 S.W.2d 751, 753 (Mo.App. E.D.1999). As part of a certified business record of the Missouri Department of Revenue, properly submitted pursuant to §§ 490.692 and 302.312, the blood drawer's statement was admissible. *Riggin v. Director of Revenue*, 25 S.W.3d 695, 698 (Mo.App. S.D.2000).

■ *Kinzenbaw v. Director of Revenue*, 62 S.W.3d 49 (Mo. banc 2001) makes clear that the driver has the burden to show that the Department of Revenue's records are untrue or legally insufficient. In *Kinzenbaw*, as in this case, the question was whether the Director of Revenue met her burden by introducing the records of the Department of Revenue. The Supreme Court stated in no uncertain terms: "The director meets her burden by introducing the administrative record." *Id.* at 51. It is then the driver's "burden to prove that the facts on which the director relied in denying the license are not true or are legally insufficient to support the denial or suspension of the license." *Id.*

Francis's only objection to the Director's records was that the Director did not bring forward the blood drawer to testify. In his memorandum of law on rehearing, Francis relied on *Nesbitt v. Director of Revenue*, 982 S.W.2d 783 (Mo.App. E.D. 1998) for the proposition that the person who draws blood must be present to testify in a license revocation case. This reliance is misplaced. The failure of proof in *Nesbitt* was that there was no evidence that the person who drew blood was one of the three types of medical professionals described in the statute. *Id.* at 785. The person was described at trial simply as a "phlebotomist," but the record contained no evidence that he was either a licensed physician, a registered nurse or a trained medical technician, as is required under the statute. *Id. Nesbitt* does not stand for

the proposition that the Director must bring forward the blood drawer to make her prima facie case.

Here, the Department of Revenue's records were admissible and satisfied the Director's burden to come forward with a prima facie case. Francis's challenge to the legal sufficiency of those records fails because the business records of the department of Revenue show that Mueller declared that he was a "trained medical technician" and followed the procedures for withdrawing blood required by § 577.029. Francis has failed to come forward with any evidence to the contrary. The judgment of the circuit court setting aside the Director's revocation of Francis's driving privileges is reversed.

CLIFFORD H. AHRENS, J., and SHERRI B. SULLIVAN, J., Concur.