## 60343. GOOCH v. THE STATE.

BANKE, Judge.

This is an appeal from a conviction for first degree homicide by vehicle (Code Ann. § 68A-903 (a)). The state's evidence indicated that, while driving under the influence of alcohol, the appellant crossed over the center line of the highway and collided with the victim's vehicle, which was traveling in the opposite direction. Although the appellant did not present any evidence, her counsel elicited testimony from one of the state's witnesses on cross examination that the victim, too, had been under the influence of alcohol at the time of the collision. *Held:*

1. Notwithstanding the assistance of a special prosecutor, the state rested its case without proving that the person named in the

indictment as the victim was in fact the person with whom the appellant collided. The omission was realized only after the appellant pointed it out on motion for directed verdict. The appellant contends that the court erred in subsequently allowing the state to reopen its case to introduce the missing evidence. However, it has repeatedly been held that the trial court has the discretion to allow the evidence to be reopened after one or even both sides have rested. See e.g., *Britten v. State,* 221 Ga. 97 (4) (143 SE2d 176) (1965); *Miller v. State,* 226 Ga. 730 (177 SE2d 253) (1970); *Hurt v. State,* 239 Ga. 665 (8) (238 SE2d 542) (1977); *Davis v. State,* 242 Ga. 901 (7) (252 SE2d 443) (1979). In the absence of a showing that the appellant's ability to present a defense was prejudiced by the court's action, we find no abuse of that discretion in this case.

2. After permitting the state to reopen its case, the trial court granted an overnight recess to allow the necessary witnesses to be located. By the following morning, the state had secured the presence of a deputy sheriff and a fireman who had been present at the scene of the collision and who were prepared to identify the person removed from the wreckage as the victim named in the indictment. Defense counsel objected to their testimony on the ground that their names had not been furnished to him prior to trial in response to his demand for a list of witnesses. The trial judge overruled the objection, based on the district attorney's statement that the testimony was newly discovered, but allowed defense counsel an opportunity to interview the witnesses before allowing them to testify. Again, in the absence of a showing of prejudice, we find no abuse of discretion. Accord, *Ferrell v. State,* 149 Ga. App. 405 (6) (254 SE2d 404) (1979); *Tippins v. State,* 146 Ga. App. 448 (4) (246 SE2d 458) (1978). The case of *Brown v. State,* 145 Ga. App. 530, 532 (2) (244 SE2d 68) (1978), cited by appellant, does not require a different result. There, two of the five additional witnesses called by the state were experts, whose testimony, by its very nature, required advanced preparation to rebut. Here, the testimony of the new witnesses was confined to the identification of the person whose body was removed from the accident scene, which is a purely factual matter over which there has never been any dispute. While we do not countenance the state's failure to prepare its case properly, and while we are aware of the appearance of unfairness inherent in allowing the state to begin a search for new witnesses in response to a defendant's motion for directed verdict, we perceive no prejudice to the appellant under the circumstances of this case.

We also reject appellant's contention that the testimony of the new witnesses did not constitute "newly-discovered evidence" as that term is used in Code Ann. § 27-1403. It is clear that the district

attorney had neither located, talked to, nor contemplated using the two witnesses until the night before they testified.

3. The court did not err in failing to grant a mistrial after a deputy sheriff testified as to an admission which the appellant allegedly made to him while she was in custody and before he had given her the Miranda warnings. The deputy had seen an automobile parked on the road matching the description of the one which was reported to have left the scene of the collision. He went to a nearby house in search of the driver and encountered the appellant, who had appeared there a short time earlier asking to use the telephone. The officer testified that the appellant appeared to be intoxicated. Asked by the state's attorney to state what made him think so, the officer responded as follows: "I asked her what had happened to her vehicle, and she said she didn't know, either she had hit somebody or someone had hit her. That's all she would tell me. I asked her if she knew that she had been involved in a vehicle accident, and she said she knew that she had hit something or somebody had hit her." Defense counsel thereupon objected and moved for a mistrial because there had been no opportunity for a Jackson v. Denno hearing and because the appellant had not been advised of her Miranda rights. The trial court instructed the jury to disregard the remarks and not to consider them in the trial of the case. Defense counsel did not renew his motion for mistrial, nor did he obtain a ruling on his original motion. Thus, even assuming *arguendo* that the deputy's testimony created some ground for a mistrial, the issue has not been preserved for review on appeal. *Clyatt v. State,* 126 Ga. App. 779 (4) (192 SE2d 417) (1972); *Pitts v. State,* 141 Ga. App. 845 (3) (234 SE2d 682) (1977).

4. Appellant contends that, without affording her an opportunity for a Jackson v. Denno hearing, the trial court erroneously admitted evidence of another admission which she allegedly made after being transported back to the scene of the collision by the arresting officer. However, it is clear from the record that this admission was made spontaneously rather than in response to any interrogation by police. Therefore, the state was not required to hold a Jackson v. Denno hearing. *Roberts v. State,* 146 Ga. App. 23 (1) (245 SE2d 358) (1978).

5. The appellant contends that the court erred in allowing a state patrolman to express his opinion, based on his own investigation of the marks left on the pavement, that the appellant's car had crossed the center line into the victim's lane. Without citing any authority, the appellant urges that the patrolman was not properly qualified to testify as an expert on such an issue. The officer testified that he had studied accident investigation techniques during a 17-week training program and that he had investigated in

excess of a thousand vehicle accidents during his six years as a state patrolman. We find this a sufficient foundation to enable him to give his opinion of the cause of the accident, based on his personal investigation. See generally *Birge v. State,* 143 Ga. App. 632, 636 (6) (239 SE2d 395) (1977).

6. The appellant contends that it was error to admit the results of her blood alcohol test because the person who drew the blood sample from her was not qualified to perform that function. Code Ann. § 68A-902.1 (a) (2) provides as follows: "When a person shall undergo a chemical test at the request of a law enforcement officer under the provisions of Section 68B-306, as now or hereafter amended, only a physician, registered nurse, laboratory technician *or other qualified person* may withdraw blood for the purpose of determining the alcoholic content therein . . ." (Emphasis supplied.) The appellant's blood sample was drawn by a full-time employee of the Northeast Georgia Medical Center, whose only job was to "draw blood." This witness testified that she had trained at the center to perform this function and that she drew blood from approximately 50 people a day. Under these circumstances, we hold that she was a "qualified person" within the meaning of the statute.

7. The appellant further contends that the evidence was wholly circumstantial and did not exclude every reasonable hypothesis save that of guilt. We do not agree. There is undisputed evidence that the appellant was driving under the influence of alcohol, that she left the scene of the collision after her car hit something, and that the victim died as the result of a head-on collision with a vehicle which crossed over into his lane. We have been offered no reasonable hypothesis which can be drawn from this evidence which is consistent with the appellant's innocence.

8. The appellant reiterates in a final enumeration of error the contention that there was no evidence to show that the collision caused the victim's death. The victim was found pinned under the roll bar of his vehicle and was pronounced dead upon his arrival at the hospital. A physician testified that the cause of death was multiple trauma. We believe that a rational trier of fact could reasonably deduce from this evidence that the victim died as a direct result of the collision. It was not error to deny the appellant's motion for judgment notwithstanding the verdict.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 3, 1980 — DECIDED SEPTEMBER 16, 1980.

*Jim Whitmer,* for appellant.

*Jeff C. Wayne, District Attorney,* for appellee.