## 44383. SUAREZ v. SUAREZ.
(355 SE2d 649)

MARSHALL, Chief Justice.

In this divorce case, the jury awarded the appellee-wife alimony and child support, and a division of the parties' property was also ordered. We granted the appellant-husband's application for discretionary appeal for the purpose of deciding whether it was reversible error for the trial court to have admitted in evidence, over the appellant's objection, a publication of the United States Department of Agriculture (USDA) entitled, "Family Economics Review."

The appellee sought to admit this publication in evidence because of tables contained in a regular feature article entitled, "Updated Estimates of the Cost of Raising a Child." These tables state the costs of raising children, based on the age of the child and the region of the country in which the family resides. The foundation for introduction in evidence of this publication consisted of the testimony of a witness who possessed the following qualifications: She had a degree in home economics, she had taught courses in home economics before her marriage, and she had practiced home economics as a housewife for almost 40 years. The trial court ruled that this witness was qualified as an expert in the field of home economics, and the publication was admitted in evidence after the witness testified that she considered the USDA a reliable source of information.

The appellant objected to the introduction in evidence of this publication on grounds that its contents constituted hearsay and that it had not been established that the publication was generally accepted among economic experts as a reliable source of information. The appellant also complained of another article in this publication concerning child support and alimony; this article expressed concern over the economic condition of wives and children involved in a divorce, due in part to the refusal of the husband to pay alimony and child support. In addition, the appellant complained of another article on the Uniform Marital Property Act, which Georgia has not adopted; this article states that this Act recognizes the family as an economic unit, and it requires the sharing between the spouses of all property acquired during the marriage regardless of which spouse has earned or assumed title to the property. The appellant argues that these other articles were extremely prejudicial to him, in that they

could have led the jury into awarding excess alimony and child support.

1. Books of science and art are not admissible in evidence to prove the opinions of experts announced therein. *Dean v. State*, 250 Ga. 77 (4) (295 SE2d 306) (1982). However, books such as mortality tables and almanacs, which have become "notoriously accurate" with respect to the facts or scientific propositions sought to be proved, have been held to be admissible evidence. *Ga. R. &c. Co. v. Oaks*, 52 Ga. 410, 415 (4) (1874). "In 20 Am.Jur. 118, § 969, the rule is stated: 'It is generally recognized that market reports or quotations as printed and contained in newspapers, trade journals, trade circulars, price lists, and similar publications, which are well known, reliable, and of good repute, are admissible in evidence of the state of the market. Such reports, being based upon a general survey of the whole market and constantly received and acted upon by dealers, are far more satisfactory and reliable than individual entries or individual sales or inquiries. Courts would justly be the subject of ridicule if they should deliberately shut their eyes to the sources of information which the rest of the world relies upon and demand evidence of a less certain and satisfactory character. Such evidence is within an exception to the general rule barring the admission of hearsay evidence, inasmuch as it emanates from an authentic source of a public nature, which gives it reliability.'" *Columbian Peanut Co. v. Pope*, 69 Ga. App. 26, 32 (6) (24 SE2d 710) (1943). See OCGA §§ 24-4-44 and 24-4-45.

There was no showing at trial that the cost estimates of raising a child, as contained in the Family Economics Review article, are acted upon by anyone. Nor was there any showing that these cost estimates have become "notoriously accurate." Therefore, we conclude that the article containing these cost estimates was not admissible under the foregoing exception to the hearsay rule.

2. The Business Records Act creates an exception to the hearsay rule for regular entries made in the due course of business. This Act provides, "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event, if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter." OCGA § 24-3-14 (b). However, before such a writing or record is admissible, a foundation must be laid through the testimony of a witness who is familiar with the method of keeping records and who can testify thereto and to facts which show that the entry was made in the regular course of a busi-

ness at the time of the event or within a reasonable time thereafter. *Cassano v. Pilgreen's,* 117 Ga. App. 260 (2) (160 SE2d 439) (1968).

No foundation was laid for admission of the complained-of evidence as a business record.

3. And, assuming that on retrial a proper foundation is laid for admission of the article in the Family Economics Review concerning the cost estimates of raising a child, the remaining articles complained of by the appellant should not also be admitted unless a proper foundation is laid for their admission.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 19, 1987.

*Walters, Davis, Smith, Meeks & Pittman, Thomas H. Pittman,* for appellant.

*Emmett P. Johnson,* for appellee.