A93A1348, A93A1144. CLARK v. JEFFERSON PILOT
LIFE INSURANCE COMPANY (two cases).
A93A1145. JEFFERSON PILOT LIFE INSURANCE
COMPANY v. CLARK.
(432 SE2d 815)

BLACKBURN, Judge.

Henry Lee Clark, as beneficiary, initiated a claim for accidental death benefits against Jefferson Pilot Life Insurance Company (Jefferson), as a result of the death of his son, Donnie Lee Clark, in a one vehicle accident. A blood test was issued after the death of the decedent which indicated that the deceased's blood alcohol content was .15 percent. The accidental death insurance policy issued by Jefferson specifically excluded death caused by or resulting from an injury sustained while the deceased operated a motor vehicle if he was under the influence of alcohol with a blood alcohol level of at least .15 percent. Based upon this exclusion, Jefferson denied Clark's claim for benefits. On appeal of the trial court's decision in favor of Clark, this court, in *Jefferson Pilot Life Ins. Co. v. Clark*, 202 Ga. App. 385 (414 SE2d 521) (1991), reversed the decision of the trial court. We concluded that the lower court erred by engrafting a proximate cause requirement in the exclusion clause at issue by charging on such a requirement and erred by submitting a special interrogatory to the jury as to causation. After this court's reversal of the decision of the trial court without direction and before the actual new trial in the case, Jefferson moved the court to enter judgment upon the special interrogatories submitted to the jury at the previous trial. Thereafter, Clark filed a motion in limine to prevent the use of the results of the blood alcohol test as the blood used in the test was drawn by a mortician. Both motions were denied by the trial court, and the court certified for immediate review the order denying both motions. We granted both applications for interlocutory review of the trial court's decision.

*Case No. A93A1348*

1. Clark enumerates as error the trial court's ruling that a mortician can be an "other qualified person" under OCGA § 40-6-392. Specifically, Clark asserts that the trial court erred in ruling that the

sample of blood obtained from the body of the deceased is admissible because the sample was taken by a mortician, not an "other qualified person" as designated in OCGA § 40-6-392. We disagree.

OCGA § 40-6-392 (a) (2) provides that "[w]hen a person shall undergo a chemical test at the request of a law enforcement officer [under Code section 40-5-55], only a physician, registered nurse, laboratory technician, emergency medical technician, or *other qualified person* may withdraw blood for the purpose of determining the alcoholic content therein. . . ." (Emphasis supplied.) In *Thurman v. State*, 172 Ga. App. 16 (321 SE2d 780) (1984), we interpreted the term "other qualified person" contained in OCGA § 40-6-392 (a) (2) to include a medical technician who had been employed at a hospital for three years as a phlebotomist and had special training as a phlebotomist during a two-year course of instruction at a medical institute. Further, in *Gooch v. State*, 155 Ga. App. 708 (272 SE2d 572) (1980), the court considered a hospital employee a qualified person under OCGA § 40-6-392 inasmuch as the employee had training in the drawing of blood and did in fact draw blood from approximately 50 people per day.

In the instant case, Aaron Spaulding, the licensed mortician who extracted the blood from the deceased after the fatal accident, testified by deposition at the prior trial and indicated that he had been in the mortician business for 40 years and had received training at the John College of Mortuary Science in Nashville, Tennessee. He further averred that he has drawn blood at the request of coroners on more than 200 occasions. "Under the circumstances of this case we likewise find that [Spaulding] was a qualified person under OCGA § 40-6-392 (a) (2)." *Thurman*, supra at 17.

### Case No. A93A1145

2. In the cross-appeal, Jefferson contends that the trial court erred in denying its motion to enter judgment upon special interrogatories that had been submitted to the jury in the first trial. He further asserts that the lower court erred in requiring a new trial upon all of the legal and factual issues inasmuch as the trial court errors were limited to the incorrect application of the law to the facts. We disagree.

" 'If the judgment of the superior court is reversed on every point of exception, or on a single one only, it is entirely vacated. . . . This done, the case stands for trial, de novo, as in the first instance, unless otherwise disposed of, by the order of this court.' [Cit.]" *Worley v. Travelers Indem. Co.*, 121 Ga App. 179, 180 (173 SE2d 248) (1970). " 'The legal effect of the reversal of the judgment by this court of the judgment of the court below, based upon the verdict of a jury, was to

have granted a new trial in the case. . . .' [Cits.]" Id. See also *Rawdin v. Conner*, 211 Ga. 52 (84 SE2d 50) (1954). In *Jefferson Pilot Life Ins. Co.*, supra, we reversed the lower court's decision in several respects. Accordingly, a new trial was warranted and the trial court did not err in denying Jefferson's motion on issues of fact found by the former jurors in the special interrogatories. *Rawdin*, supra.

3. Case No. A93A1144 contains portions of the record designated by Clark for omission on appeal, and was inadvertently transmitted to this court as a separate appeal. Inasmuch as Case No. A93A1144 is not a separate appeal that must be addressed by this court, it is therefore dismissed.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JUNE 4, 1993 —
RECONSIDERATION DENIED JUNE 17, 1993 — 

*Simpson & Gray, Ralph F. Simpson, Elizabeth B. Gibbs*, for Clark.

*Wilkes, Johnson, Smith & Knox, Ken W. Smith, Kris B. Knox*, for Jefferson Pilot.