## A96A1814. WILLIAMS v. THE STATE.
(477 SE2d 367)

Judge Harold R. Banke.

Morris Dean Williams was convicted of operating a motor vehicle under the influence of alcohol while having a probationary license (OCGA § 40-5-58), driving under the influence of alcohol (OCGA § 40-6-391), and failure to yield right of way (OCGA § 40-6-74). Williams enumerates three errors.

On appeal, the evidence must be viewed in the light most favorable to the verdict. *Rigenstrup v. State*, 197 Ga. App. 176, 181 (4) (398 SE2d 25) (1990). Viewed in that manner, the State's evidence was as follows. Williams, an habitual violator, obtained a probationary license for business purposes pursuant to OCGA § 40-5-58 (e). On a Sunday afternoon, Williams pulled out at an intersection in front of Officer Gene Davis's marked patrol car. Sandra Edwards, a police dispatcher riding with Davis, testified that Williams did not stop at the intersection and almost caused an accident. Davis followed Williams to a nearby car wash where Williams attempted to avoid him. Davis observed noticeable signs of intoxication and testified that Williams stumbled and had red eyes. Edwards also noticed that Williams staggered and appeared to have been drinking. Assistant Chief Daniel Morey conducted the Intoximeter 3000 test and obtained a .14 result. Williams admitted he had consumed one beer immediately before driving and claimed that his eyes were red because he had been applying Round-up to a customer's yard. *Held*:

1. The evidence was sufficient for a rational trier of fact to find the essential elements for each of the crimes for which Williams was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Although Williams contends the State failed to prove that at the time of his arrest he was operating the vehicle for other than business purposes, a violation of probationary license under OCGA § 40-5-58 does not require that the State prove a non-business purpose at the time of the offense; proof of a violation of OCGA § 40-6-391, driving under the influence, is sufficient. OCGA § 40-5-58 (e) (6) (A) (ii).

2. The trial court did not abuse its discretion in admitting over objection, State's Exhibits 7 through 10. State's Exhibit 7 consisted of

a photostatic copy of logbook entries checking the proper operation of the Intoximeter 3000 machine used to test Williams. Assistant Chief Morey identified the exhibit as a copy of the machine's certification signed by an agent of the Georgia State Patrol. Notwithstanding Williams' lack of foundation objection, the record shows sufficient evidentiary foundation for the document's admission. See OCGA § 24-3-14.

Exhibits 8, 9, and 10 were copies of Georgia Department of Public Safety ("DPS") standard forms. Although certified copies of records of DPS are admissible in judicial proceedings under OCGA § 24-3-17 (a), it is not clear that the copies tendered were certified copies. Moreover, no proper foundation had been made before admission of the exhibits over objection. Given the overwhelming evidence of Williams' guilt, even assuming it was an abuse of discretion to admit the exhibits at issue, their admission was harmless error beyond a reasonable doubt. *Palmer v. State*, 186 Ga. App. 892, 897 (3) (369 SE2d 38) (1988); OCGA § 9-11-61.

3. Williams' convictions for violation of a probationary license and driving under the influence merged. Although a defendant may be prosecuted for all crimes committed, he may not be convicted of more than one crime if the crimes charged are the same in law or fact. *Gunter v. State*, 155 Ga. App. 176 (2) (270 SE2d 224) (1980). Under the facts here, the offense of DUI was a lesser included offense in the violation of the probationary license offense and, in fact, elevated that violation to a felony. OCGA § 40-5-58 (e) (6) (A) (ii). Because the same evidence was used to establish both crimes, the offenses merged. *Kennedy v. State*, 199 Ga. App. 803, 804 (3) (406 SE2d 136) (1991); see *Miller v. State*, 174 Ga. App. 42, 45 (5) (329 SE2d 252) (1985); OCGA § 16-1-7 (a) (1). Double jeopardy precludes multiple punishments or convictions for crimes arising from the same criminal conduct. *State v. Estevez*, 232 Ga. 316, 317 (1) (206 SE2d 475) (1974). Accordingly, we reverse only the lesser included offense, Williams' DUI conviction.

*Judgment affirmed in part and reversed in part. Andrews and Smith, JJ., concur.*

DECIDED OCTOBER 15, 1996.

*Billy M. Grantham*, for appellant.
*J. Brown Moseley, District Attorney, John A. Warr, Assistant District Attorney*, for appellee.