## A97A1702. BRAHM v. THE STATE.
(497 SE2d 240)

Smith, Judge.

Jeffrey Brahm was charged by accusation with two counts of DUI, OCGA § 40-6-391 (a) (1) (less safe driver) and (5) (alcohol concentration of 0.10 grams or more), and with improper lane change, OCGA § 40-6-48 (1). A jury acquitted Brahm of the lane violation, could not reach a verdict as to the less safe driver charge, and found him guilty of driving with a blood alcohol concentration of 0.10 grams or more. Judgment was entered on the jury's verdict, and Brahm appeals. He challenges the admission into evidence of the results of two tests establishing the alcohol concentration of his blood at more than 0.10 grams. Because we agree with Brahm that the results of both tests were improperly admitted, we are constrained to reverse his conviction.

1. Brahm contends the trial court erred in admitting the results of the State-administered blood test because the State failed to establish that the person who drew his blood was "qualified" within the meaning of OCGA § 40-6-392 (a) (2). That statute provides, in pertinent part, that "[w]hen a person shall undergo a chemical test at the request of a law enforcement officer, only a physician, registered nurse, laboratory technician, emergency medical technician, or other qualified person may withdraw blood for the purpose of determining the alcoholic content therein." This provision requires that when the State seeks to prove a violation of OCGA § 40-6-391 (a) by using a chemical test, the State must bear the burden of proving that the person drawing the blood was "qualified" within the meaning of the statute. *Harden v. State*, 210 Ga. App. 673, 674 (1) (436 SE2d 756) (1993).

In *Harden*, supra, we described two ways for the State to carry this burden. The State may call the person who drew the blood as a witness, and that witness may testify as to his or her qualifications. The State may also present a certification from the office of the Secretary of State or the Department of Human Resources showing that the person who drew the blood was licensed or certified in a profes-

sion listed in OCGA § 40-6-392 (a) (2). Id. Such a certificate is admissible into evidence for this purpose, under OCGA § 40-6-392 (e).

It is clear from the language in *Harden,* as well as from prior and subsequent case law, that these methods are not exclusive. We held in *Harden* that the State's burden could be satisfied in *"at least* two ways." (Emphasis supplied.) Id. The words "at least" imply that other ways exist, and the case law makes clear that the State's burden may be carried in other ways. See, e.g., *Bazemore v. State,* 225 Ga. App. 741 (484 SE2d 673) (1997), where we held that the State's burden was satisfied when the State introduced a "self-authenticating" document from the Georgia Department of Human Resources showing that records in the Office of Regulatory Services show that the person who drew blood was "classified" as a medical laboratory technician. Id. at 742.

As indicated by the words "other qualified person," neither is the list of qualified occupations and professions in the statute an exhaustive list. In *Thurman v. State,* 172 Ga. App. 16, 17 (1) (321 SE2d 780) (1984), and *Gooch v. State,* 155 Ga. App. 708, 711 (6) (272 SE2d 572) (1980), this Court held that the phrase "other qualified person" in OCGA § 40-6-392 (a) (2) encompassed both a trained phlebotomist and a hospital employee whose only job was to draw blood.

But in this case, to establish that Brahm's blood was drawn by a qualified person, the State presented only the testimony of the arresting officer, Corporal R. D. Nable of the Fulton County Police Department, who was assigned to the DUI Task Force. Nable testified that after he read Brahm the implied consent rights and Brahm agreed to take a State-administered blood test, he transported Brahm to Northside Hospital, where blood was drawn. Nable identified the person who drew Brahm's blood by name and employment status: He was "David Simon, who is an employee of Northside Hospital." Nable further explained that he was familiar with Simon. "[W]hen we go and request a state blood test from somebody, we generally go to Northside Hospital if we are in that part of town. And [David Simon], as well as two or three other people, are employed by the hospital . . . in their laboratory. And, in that capacity, he's drawn blood for me several times."

For purposes of this opinion, we assume this testimony was not hearsay because it was based upon Nable's personal knowledge that Simon was employed in the hospital laboratory and had drawn blood in Nable's presence on previous occasions. This distinguishes it from the testimony presented by the State in *Carr v. State,* 222 Ga. App. 776, 777-778 (1) (476 SE2d 75) (1996). But even so, it was insufficient to show that Simon was "qualified" within the meaning of the statute.

Brahm timely objected to the admission of the results of the

blood test on this ground, and the trial court overruled the objection. It is the duty of the trial court to determine the adequacy of the foundation laid for the presentation of evidence. *Wigfall v. State*, 257 Ga. 585, 586 (2) (361 SE2d 376) (1987). Although the trial court's discretion in the admission of evidence is broad, *Parker v. State*, 226 Ga. App. 462, 463 (4) (486 SE2d 687) (1997), it is not boundless. In this instance, Nable's testimony did not reach the qualifications of Simon, and the trial court abused its discretion in determining that a sufficient foundation was laid for the admission of the test results.

2. Brahm also contends the trial court erred in admitting the results of the independent chemical test he requested and received, which was performed at a different hospital. To establish the results of this test, the State simply tendered into evidence the medical records showing the test results, which were certified by the director of the medical records department of the hospital. But unlike the certificate provided for in OCGA § 40-6-392 (e) and referenced in Division 1, which is admissible without further foundation to show that the drawer of blood was "qualified," the "certification" of the hospital medical records custodian cannot serve to satisfy the foundational requirement applicable to medical records under the business records exception to the hearsay rule. OCGA § 24-3-14. No other foundational evidence was presented. Brahm objected on several grounds, including that the document was hearsay and no foundation had been laid. In urging that Brahm's objection should be overruled, the State argued that *Oldham v. State*, 205 Ga. App. 268 (422 SE2d 38) (1992), was authority for the proposition that the document was admissible under the business records exception to the hearsay rule, and the trial court overruled the objection and admitted the document.

This was error. Although business records comprise an exception to the rule against hearsay, they are not admissible without a proper foundation. This Court held in *Oldham* that "[d]ocumentary evidence of a test designed to measure a person's alcohol concentration level may be admitted into evidence under the business records exception to the hearsay rule, *when the party seeking to admit the test results lays a proper foundation by offering the testimony of a witness who is familiar with the method of record keeping*, who can therefore testify that the entry of the test result was made in the regular course of business at the time the test was conducted or within a reasonable time thereafter. [Cits.]" (Emphasis supplied.) Id. at 269-270. In this case, the State failed to lay a proper foundation, Brahm raised a valid objection, and the document should not have been admitted.

3. We cannot say that the erroneous admission of both tests was harmless. Without either result, no evidence whatsoever exists to support the only DUI charge on which Brahm was convicted: driving

with a blood alcohol concentration of more than 0.10 grams. Brahm's conviction on that charge must therefore be reversed. Compare *Williams v. State*, 223 Ga. App. 209, 210 (2) (477 SE2d 367) (1996) (harmless error to admit document over objection without laying proper foundation because other evidence of guilt overwhelming).

*Judgment reversed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 2, 1998.

*Head, Mullis, Thomas & Webb, Thomas J. Thomas*, for appellant.
*Carmen Smith, Solicitor, Allison L. Byrd, Karlise Y. Grier, Assistant Solicitors*, for appellee.