A98A0690. MULLINAX v. THE STATE.

(499 SE2d 903)

BLACKBURN, Judge.

Michael Jason Mullinax appeals his conviction after a bench trial of DUI. Mullinax contends that the trial court erred in denying his motion for plea in abatement and that the State failed to lay the proper foundation for the admission of the State-administered breath test.

1. Mullinax asserts that the State's proof did not meet the allegations contained in the accusation. The accusation charged that on June 5, 1996, Mullinax was "driving with an unlawful alcohol concentration by being in actual control of a moving vehicle while having an alcohol concentration of 0.10 grams or more at anytime within three hours after such control from alcohol consumed before such control ended in violation of OCGA § 40-6-391 (a) (5)." Mullinax argues that on June 5, 1996, OCGA § 40-6-391 (a) (5) proscribed driving while under the influence of marijuana, and that therefore, the accusation contained a fatal variance. Not only is this issue without merit because the description of the offense charged prevails over any Code section cited, see *Phillips v. State*, 215 Ga. App. 526 (2) (451 SE2d 517) (1994), Mullinax also failed to properly preserve the issue by

waiving any objections to the form of the accusation. See id. ("[a]n alleged variance between the offense as named or the Code section cited and the allegations specified in the indictment goes only to the form of the indictment").

2. Mullinax enumerates as error the trial court's admission of the testing certificates for the Intoxilyzer 5000 without requiring the proper foundation pursuant to the business records exception to the hearsay rule, OCGA § 24-3-14.

In *Brown v. State*, 268 Ga. 76, 80-81 (485 SE2d 486) (1997), the Supreme Court of Georgia held that "breath-testing device certificates are records made within the regular course of the business within the meaning of OCGA § 24-3-14 and may, upon the proper foundation being laid, be introduced into evidence under the business record exception to the hearsay rule." OCGA § 24-3-14 (b) provides that "[a]ny writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, . . . if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the act, . . . or within a reasonable time thereafter."

In the present case, Trooper Mitchell testified that he was familiar with the actual book in which the records were maintained, where the book was maintained, and that it contained documents prepared by Trooper Bobby Beall whose job it was to maintain and calibrate the Intoxilyzer 5000 machines. Trooper Mitchell also testified that he did not know if the documents were made contemporaneously with the testing. He further agreed that the extent of his knowledge regarding the certificates is that he knows where they are kept and that he had seen them at different points in time.

The evidence presented in this case is not significantly different from that presented in *Hamilton v. State*, 228 Ga. App. 285, 287 (491 SE2d 485) (1997), wherein we found that the result of the breath test was erroneously admitted. In *Hamilton*, the State introduced testimony describing the certificates and "showing that they were maintained in the log book for the Intoxilyzer 5000." (Punctuation omitted.) Id. In the present case, Trooper Mitchell was unable to provide additional information satisfying the foundational requirements of OCGA § 24-3-14. Therefore, the trial court erroneously admitted the results of Mullinax's breath test and his "per se" DUI conviction must be reversed. See id. See also *Daniel v. State*, 227 Ga. App. 92 (488 SE2d 129) (1997); *Brahm v. State*, 230 Ga. App. 407 (497 SE2d 240) (1998).

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 24, 1998.

*William C. Head*, for appellant.
*John H. Cranford, Solicitor*, for appellee.