## A98A1510. PEEK v. THE STATE.
(509 SE2d 358)

BEASLEY, Judge.

Counts 1 and 2 of an accusation charged Peek with violations of OCGA § 40-6-391 (a) (1) (DUI to the extent that it is less safe to

drive) and OCGA § 40-6-391 (a) (5) (driving with a blood-alcohol concentration of 0.10 grams or more). The jury found Peek guilty of both counts. Judgment of conviction and sentence was entered on Count 1.

On the evening of August 4, 1995, Clayton County police officer Hammer initiated a traffic stop after he observed Peek driving somewhat erratically. Hammer arrested Peek after detecting a strong odor of alcohol on his breath and observing that he was unable to maintain his balance or follow instructions. The officer transported Peek to Southern Regional Medical Center where his blood was drawn by a phlebotomist, Ha Bolia, at the request of the officer.

Peek charges the trial court with error in denying his motion to suppress the results of the blood test, on two grounds: the State failed to lay a foundation for the admission of the test results pursuant to the requirements of OCGA § 40-6-392 (a) (2) and (e); the State's attempt to do so through hearsay evidence presented by Southern Regional's executive secretary of human resources, Christine Thomas, deprived him of the right to confront and cross-examine Bolia, a non-witness.

Thomas testified that she is familiar with the method of keeping business records at the medical center and that, in the regular course of its business, the center keeps records on personnel who draw blood. Thomas produced a photocopy of the original of an "employee education cumulative report" for Southern Regional's employee/phlebotomist Ha Bolia. The document, which is a computer printout, was taken from Bolia's personnel file. It bears a "run date" of August 23, 1995. It shows the anniversary date of Bolia's employment as September 24, 1988, and lists numerous educational programs taken by Bolia between October 31, 1988, and August 18, 1994.

Thomas testified this document lists "educational in-services" that the phlebotomist attended in the course of his employment at Southern Regional, that such attendance is required in order for the phlebotomist to maintain his job qualifications, that educational records such as this are required for annual review of every employee, and that such records are placed in each employee's personnel file at the time the annual review is conducted. Over hearsay objection by Peek, the trial court admitted this document under the business records exception to the hearsay rule and ruled that it established that Bolia was a certified phlebotomist when he drew Peek's blood. Subsequent evidence showed that Peek's blood-alcohol concentration was .11 grams.

OCGA § 40-6-392 "establish[es] a mandatory requirement applicable in any criminal case 'arising out of' an alleged violation of OCGA § 40-6-391 and in which that violation is an essential element of the asserted criminal liability. The mandatory requirement is that when the State seeks to prove the violation by evidence of a chemical

test, the State has the burden of demonstrating compliance with the statutory requirements."[1]

OCGA § 40-6-392 (a) (2) provides that "[w]hen a person shall undergo a chemical test at the request of a law enforcement officer, only a physician, registered nurse, laboratory technician, emergency medical technician, or other qualified person may withdraw blood for the purpose of determining the alcoholic content therein." As indicated by the words "other qualified person," the list of encompassed occupations and professions in OCGA § 40-6-392 (a) (2) is not exhaustive.[2] *Thurman v. State*[3] held that the phrase "other qualified person" in OCGA § 40-6-392 (a) (2) includes a trained phlebotomist.

Subsection (e) of OCGA § 40-6-392 was re-enacted in 1990 to provide that the State may carry the subsection (a) burden by presenting "[a] certification by the office of the Secretary of State or by the Department of Human Resources that [the person drawing the blood] was a licensed or certified physician, physician's assistant, registered nurse, practical nurse, medical technologist, medical laboratory technician, or phlebotomist."[4]

*Harden v. State*[5] recognized that another way for the State to carry its burden is to call the person who drew the blood as a witness and present the witness' testimony as to his or her qualifications. "It is clear from the language in *Harden*, as well as from prior and subsequent case law, that [the two foregoing] methods are not exclusive. We held in *Harden* that the State's burden could be satisfied in '*at least* two ways.' [Cit.] The words 'at least' imply that other ways exist, and the case law makes clear that the State's burden may be carried in other ways. [Cits.]"[6]

In *Brown v. State*[7] the defendant argued that his Sixth Amendment right to confront witnesses against him was violated by OCGA § 40-6-392 (f), which authorizes as self-authenticating the admission of inspection certificates on breath-testing devices. The Supreme Court rejected this notion because the inspection certificates are admissible under the firmly rooted hearsay exception for business records.[8] As to Brown's argument that such certificates do not fall within the business records exception because they contain the con-

---

[1] *Munda v. State*, 172 Ga. App. 857, 858 (1) (324 SE2d 799) (1984).

[2] *Brahm v. State*, 230 Ga. App. 407, 408 (1) (497 SE2d 240) (1998).

[3] 172 Ga. App. 16, 17 (1) (321 SE2d 780) (1984).

[4] See Ga. L. 1990, p. 2048, § 5.

[5] 210 Ga. App. 673, 674 (1) (436 SE2d 756) (1993).

[6] (Emphasis in original.) *Brahm*, supra.

[7] 268 Ga. 76 (485 SE2d 486) (1997).

[8] In *Price v. State*, 269 Ga. 222, 223 (1) (498 SE2d 262) (1998), the defendant argued that OCGA § 40-6-392 (e) violates the constitutional right of confrontation by permitting the use of a certificate from the Secretary of State or Department of Human Resources to establish the qualifications of a blood drawer. Because such a certificate is a public record and

clusion of an absent third party, *Brown* held that the certificates are merely memorials of the fact that all required tests were made and that a particular device passed the tests.

In Peek's case, as in *Brown*, the State properly grounded admission of the document under OCGA § 24-3-14 (b), the business records exception to the rule against hearsay.[9] Specifically, the evidence authorized the court to find that this document is a record of educational courses taken by the phlebotomist in order to maintain his job qualifications, that the document was prepared in the regular course of business of the medical center, and that it is the regular course of the medical center's business to prepare such document at the time it makes its annual determination of whether the employee's job qualifications have been maintained.

Consequently, Peek's right to confront and cross-examine the blood drawer was not violated. Contrary to Peek's arguments, this document does not contain unauthorized conclusions or opinions,[10] and it was not necessary for the witness who produced the document to have personal knowledge of its correctness.[11] We note that Peek had ample opportunity to challenge the phlebotomist's qualifications, as the report of the blood test results which Peek had a copy of over nine months prior to trial showed the identity, professional designation and location of the person who drew his blood.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 16, 1998 —
RECONSIDERATION DENIED DECEMBER 8, 1998 

*Monte K. Davis, George A. Stein*, for appellant.
*Keith C. Martin, Solicitor, Kimberly A. Gross, Assistant Solicitor*, for appellee.

---

thus satisfies the reliability concerns of the confrontation clause, the *Price* court upheld OCGA § 40-6-392 (e).

[9] This statute provides that "[a]ny writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event, if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter." See *Suarez v. Suarez*, 257 Ga. 102, 103-104 (2) (355 SE2d 649) (1987).

[10] See *Brown v. State*, supra.

[11] *Hertz Corp. v. McCray*, 198 Ga. App. 484, 485 (2) (402 SE2d 298) (1991).