A01A2537. BESS v. THE STATE.
(561 SE2d 209)

PHIPPS, Judge.
Following denial of his motion for new trial, Donnie Bess appeals his convictions of involuntary manslaughter and driving under the influence of alcohol. The State's evidence showed that, while intoxicated, Bess caused a fatal collision by grabbing the steering wheel of a car being operated by his girlfriend and causing it to strike another vehicle. Bess challenges the sufficiency of the evidence to support his convictions, the admission of a documentary exhibit, and the effec-

tiveness of his trial lawyer. We affirm because the evidence was sufficient, the document was properly admitted, and Bess has not shown ineffective assistance of counsel.

The evidence showed that Kathelene Davis was driving a Ford Taurus south on Covington Highway, a four-lane road. Her vehicle was in the left southerly lane, and Bess was seated in the front passenger seat. Contemporaneously, Angie Street was driving a Dodge Aspen in front of Davis in the right southerly lane. Prior to trial, both Davis and Bess told police that they had been arguing as a result of Bess's drinking and that, during the argument, Bess struck Davis on the face and grabbed the steering wheel, causing the car to veer into Street's car. Street testified that the impact caused her to veer across the centerline of the highway into oncoming northbound traffic. As a result, Street's car struck a Chevrolet Beretta being driven by Beverly Hinkle in the left northbound lane. Hinkle received fatal injuries.

At trial, Davis recanted her pretrial statement to police and testified that, although Bess struck her while she was driving, he did not grab the steering wheel. Davis gave rather vague testimony suggesting that the accident resulted from Street's car drifting from the southbound right lane into the left lane and striking Davis's car. The State's expert in accident reconstruction testified that although the damage to Davis's and Street's cars did not establish which car struck the other, skid marks on the roadway indicated that Davis struck Street's car. And Street gave unequivocal testimony that she was struck by another vehicle while maintaining her lane.

1. Bess argues that the evidence was insufficient to support his convictions, because the State's theory of guilt (that Davis's car struck Street's as a result of Bess grabbing the steering wheel) is equally consistent with the defense hypothesis of innocence (that Street's struck Davis's without Bess having grabbed the steering wheel).

We find no merit in this argument. The jury was fully authorized to reject Davis's and Bess's trial testimony and to find, instead, on the basis of the State's evidence, that the collision occurred in the manner posited by the State.

It is the function of the jury, not the appellate court, to determine the credibility of witnesses and to weigh any conflicts in the evidence.[1] We construe the evidence in a light most favorable to the verdict to determine whether it was sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt.[2]

---

[1] *Anfield v. State*, 188 Ga. App. 345, 346 (1) (373 SE2d 51) (1988).
[2] *Wingfield v. State*, 226 Ga. App. 448 (1) (486 SE2d 676) (1997).

Adjudged by these principles, the evidence in this case was clearly sufficient to support the verdicts.

Moreover, in proving the cause of the collision, the State relied on both direct evidence (Davis's and Bess's pretrial statements and Street's trial testimony) as well as circumstantial evidence (testimony given by the expert in accident reconstruction). Therefore, Bess's reliance on circumstantial evidence rules is misplaced.

2. Bess contends that the trial court erred in admitting a copy of a letter written on stationery of the Office of Regulatory Services of the Georgia Department of Human Resources (DHR), in which Genella Forrester certified that the individual who drew Bess's blood following the collision was qualified as a medical technologist.

When a person undergoes a chemical test at the request of a law enforcement officer, only qualified persons may draw the blood.[3] The State may prove the blood drawer's qualification in various ways, including a certification by the DHR that the person who drew the blood was a medical technologist.[4]

Bess objected to admission of the document claimed to be the DHR certification, on the ground that the State had not laid a proper foundation under the business records exception to the hearsay rule as set forth in OCGA § 24-3-14. As authority, defense counsel relied on *Peek v. State*.[5] The prosecuting attorney argued that a proper foundation for admission of the document was being laid under OCGA § 24-7-20, which states that the certificate or attestation of a public officer shall authenticate any document or matter pertaining to his office. As authority, the State relied on *Bazemore v. State*.[6] The trial court agreed with the State's argument and overruled the defense objection.

In *Bazemore*, as here, the State submitted a document on stationery of the DHR's Office of Regulatory Services in which "Reviewing Official" Genella Forrester certified the qualifications of the individual who had drawn the defendant's blood. This court in *Bazemore* approved the trial court's admission of the document. In so doing, the court indicated that a foundation was laid for admission of the document under OCGA § 24-7-20.

Following *Bazemore*, however, the Supreme Court later concluded in *Peek* that "the only acceptable methods of proving the qualification of the person who drew a defendant's blood are the certificate provided for in OCGA § 40-6-392 (e), *introduced by means of the busi-*

---

[3] OCGA § 40-6-392 (a) (2).
[4] OCGA § 40-6-392 (e) (1).
[5] 272 Ga. 169 (527 SE2d 552) (2000).
[6] 225 Ga. App. 741, 742 (1) (484 SE2d 673) (1997), vacated on other grounds, 233 Ga. App. 892 (2) (506 SE2d 177) (1998).

*ness records exception to the hearsay rule* ([cit.]), and the testimony of the person who drew the blood."[7]

But OCGA § 24-7-20 provides a public records exception to the hearsay rule in the same way that OCGA § 24-3-14 provides a business records exception. In concluding that a certification under OCGA § 40-6-392 (e) must be admitted under the business records exception, we do not think that *Peek* meant to exclude other hearsay exceptions which serve the same function. Under *Bazemore*, the trial court properly admitted the document at issue under the public records exception.

3. Bess claims that his trial attorney rendered ineffective assistance in failing to do four things: (1) have his mental status evaluated, (2) impeach Davis for bias or motive based on the pendency of her personal injury action against him arising from the collision, (3) remove from the jury a juror who received a telephone call from jail during the trial, and (4) request a recharge on proximate cause when the jury requested clarification on the distinction between homicide by vehicle and the lesser included offense of homicide by vehicle in the second degree.

Based on testimony given at the hearing on Bess's motion for new trial and on its knowledge of matters transpiring in these proceedings, the trial court was authorized to find that nothing in Bess's demeanor or behavior suggested that he was mentally incompetent and that defense counsel made valid strategic decisions in deciding not to impeach Davis for the reason urged by Bess and not to have the juror at issue removed. Although the jury found Bess guilty of homicide by vehicle in the second degree, the trial court did not enter a conviction or sentence him for that offense as it was merged into the involuntary manslaughter conviction. Moreover, the jury's request for additional instructions on the two grades of homicide by vehicle by no means necessitated a recharge on proximate cause.[8] The trial court was authorized to conclude that Bess did not carry his burden of establishing ineffective assistance of counsel.[9]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 28, 2002.

*Maria Murcier-Ashley*, for appellant.

---

[7] (Emphasis supplied.) Id. at 171.
[8] Compare *Miller v. State*, 236 Ga. App. 825, 829 (4) (513 SE2d 27) (1999).
[9] See generally *Head v. Taylor*, 273 Ga. 69, 71 (3) (538 SE2d 416) (2000).

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Thomas S. Clegg, Assistant District Attorneys*, for appellee.